## MIKE DEAN v. THE STATE.

### No. 566.   Decided May 18.

**1. Removing Sand, etc., from Premises of Another—Lessee or Tenant.**— On a prosecution for removing sand, gravel, etc., from the premises of another, under provisions of article 687, Penal Code, *quære*, if the land be in occupancy of a tenant, and not the owner in fee, can a prosecution be maintained under said article where ownership is alleged in the tenant?

**2. Same—Lease by the State—Authority of Lessor—Superintendent of Public Buildings and Grounds.**—On a prosecution under article 687 of the Penal Code, where the prosecutor claimed that he had leased the premises from an agent of the State, and it appeared that said agent based his authority to lease the premises upon the Act of 27th of February, 1891, section 8, which authorized the Superintendent of Public Grounds and Buildings to rent or lease "all vacant lots or parts of lots and blocks in the city of Austin," etc., *Held*, this act does not authorize the Superintendent to lease open land not laid off into lots and blocks, or to control the same.

APPEAL from the County Court of Travis.   Tried below before Hon. WM. VON ROSENBERG, County Judge.

This cause was commenced by a sworn complaint filed by Dennis Sheehan, made before and filed with P. P. Barbour, justice of the peace of precinct number 3, Travis County, Texas, on July 23, 1894, charging the defendant, Mike Dean, with knowingly entering upon the land and premises of Dennis Sheehan, in the county of Travis, and taking and removing therefrom sand and gravel, without the consent of said Sheehan.

Examination was had before P. P. Barbour, the said justice of the peace, on August 8, 1894, and, motion to quash complaint being overruled, the court bound the defendant Mike Dean to appear before the County Court of Travis County, Texas, at the October Term, 1894, to answer the said charge.

On October 3, 1894, the assistant county attorney of Travis County filed an information in said County Court following and based upon the said complaint.

On October 9, 1894, the cause was tried, and resulted in a verdict and judgment of guilty, and assessing his punishment at a fine of $1.

The State offered in evidence a written lease executed by W. P. Hardeman, Superintendent of Public Buildings and Grounds, to Dennis Sheehan, by which he leased to Sheehan certain land situated in the city of Austin, in Travis County, and State of Texas, being all that part of the Reserve lying below high water mark of the Colorado River, under and by virtue of an Act of the Legislature entitled, "An act to authorize the transfer of the Confederate Home, at Austin, from private to State management, and to establish said home as a State institution, and to provide for its support," approved February 27, 1891. By the eighth section of said act, the Superintendent of Public Buildings and Grounds was empowered to lease "all vacant lots and blocks, in the city of Austin, belonging to the State," the proceeds to be used in the support and maintenance of said Confederate Home.

This evidence was objected to by the defendant, because "no authority was shown to be conferred by said act to lease any lands in the city except blocks and lots, and that the evidence showed that the premises in question had never been laid off into lots and blocks."

This objection was overruled, and defendant saved his bill of exceptions.

*Fred Carleton,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was tried and convicted in the lower court "of unlawfully and knowingly entering upon the land and premises of Dennis Sheehan, and taking and removing therefrom sand and gravel, without the consent of said Dennis Sheehan," etc.

The appellant in this case claims the land in question as the tenant of the State of Texas. Conceding that article 687, Penal Code, includes and applies to tenants as well as owners in fee of the land, which we do not now decide, the question presents itself, was Sheehan such tenant? It appears to be admitted that the locus in quo, which is a piece of ground in front of the city of Austin, and a part of said city of Austin, lying immediately on the Colorado River, between the high and low water mark of said stream, and known as the "Reserve," is the property of the State of Texas. The prosecutor Sheehan claims that he is the lessee of said reserve from W. P. Hardeman, representing the State. The appellant contends, that W. P. Hardeman was never authorized by the State, or any of its legally constituted authorities, to take possession of and rent or lease this particular land. If said Hardeman has any such authority, it is to be found in the Acts of the Legislature, approved February 27, 1891. See Laws Twenty-Second Legislature, p. 14, entitled, "The Texas Confederate Home." Section 8 of said act authorizes the "Superintendent of Public Buildings and Grounds" to rent or lease "all vacant lots or parts of lots and blocks in the city of Austin," etc. The land in question is shown not to be a lot or block, or any part of a lot or block, of the city of Austin, but on the contrary, the evidence establishes that it is open land, lying along the river, and not laid off into lots and blocks, and, in our opinion, the act in question gives to the said Superintendent of Public Buildings and Grounds no authority or control over same, and he had no right or authority to rent or lease said lands; and not having the right to lease same, Sheehan, his lessee, did not obtain such right or interest in the land (it not being shown that he was in the actual occupancy and possession of same) as would authorize the maintenance of this prosecution on the part of the State.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.